UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O1 COMMUNICATIONS, INC., Plaintiff, v. AT&T CORPORATION, Defendant. | Case No. 16-cv-01452-VC **ORDER RE CROSS-MOTIONS ON SUMMARY JUDGMENT** Re: Dkt. Nos. 86, 87 |

The Court resolved the primary issue raised on summary judgment in a prior ruling. *See* Dkt. No. 106. This ruling disposes of the remaining issues.

1. Summary judgment is granted to O1 on AT&T's defense that O1 cannot charge AT&T for any access services under the language of Interstate Tariff No. 4. AT&T argues that: (1) O1's Interstate Tariff No. 4 only allows O1 to collect access charges for calls that travel between AT&T and an "End User"; (2) under the terms of the Tariff, an End User must be a "customer of an Interstate communications service that is not a carrier"; (3) a "Customer," as that term is defined by the Tariff, is a person that "uses service under the terms and conditions of [O1's Tariff]"; and (4) O1 does not route calls to any parties that use services under the terms of its Tariff. Dkt. No. 84-3, Mertz Decl. Ex. 2 at O1-01889-90, O1-01927; Dkt. No. 87, AT&T Mot. and Opp'n at 16-17. But the definition of End User clearly uses the word "customer" in the general sense – not as "Customer" is defined in the Tariff. In fact, the Tariff explicitly states: "The End User is not the Customer as that term is defined in this tariff." Dkt. No. 84-3, Mertz Decl. Ex. 2 at O1-01890.

2. O1 is not entitled to summary judgment on the issue of whether O1 improperly charged AT&T for access services on calls routed to prepaid calling-card platforms. *See* Dkt. No. 86, O1 Mot. at 25; Dkt. No. 87, AT&T Mot. and Opp'n at 24-25. O1 only moved for summary judgment on the grounds that there was no evidence that O1 was billing AT&T for calls that were directed to a calling-card platform. *See* Dkt. No. 86, O1 Mot. at 25. There's a clear factual dispute about the extent to which O1 directed traffic to calling-card platforms. *See* Dkt. No. 87-22, Hunseder Decl. Ex. 21 at 13; Dkt. No. 93-4, Hunseder Decl. Ex. 25 at 1-4; *see also* Dkt. No. 84-17, Urban Decl., Ex. 1 at 54:1-22 (noting AT&T conducted an analysis suggesting that 4% of O1's traffic routed to calling-card platforms); Dkt. No. 88-1, Mertz Further Decl. at ¶ 13 ("[AT&T] cites to an AT&T study which allegedly shows that at least 22% of O1's traffic was sent to calling card platforms in June 2015. I have reviewed and analyzed the study and have concluded that it is wrong and significantly overstates its estimation of the percentage of O1's traffic that constitutes calling card traffic.").

3. The statute of limitations prevents O1 from seeking recovery for charges before March 2014, so summary judgment is granted to AT&T on this issue. Under 47 U.S.C. § 415(a), the period for O1 to bring a claim to recover damages is two years, and O1 brought this action in March 2016. O1 argues that AT&T should be equitably estopped from asserting a statute of limitations defense because it at one point promised not to assert that defense. But section 415's statute of limitations cannot be equitably extended. Statutes of limitations that are jurisdictional cannot be waived and are not subject to equitable doctrines. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008); *see also Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). And section 415 is a jurisdictional statute of limitations. First, the Supreme Court has held that the statute of limitations in the Interstate Commerce Act – the model for section 415 – is jurisdictional. *See Midstate Horticultural Co. v. Pa. Railroad Co.*, 320 U.S. 356, 361 (1943). Moreover, when Congress changed section 415's limitation period from one year to two years in 1974, it recognized that the *Midstate Horticultural Co.* holding applied to section 415; indeed, this appears to have been a reason for extending the period to two

years. *See* H.R. Rep. No. 93-1421, at 2 (1974) ("An additional difficulty caused by the present one year period of limitations is encountered in cases where a common carrier has made overcharges but because the one year limitation bars the carriers' liability as well as the customer's remedy, the carrier may no longer feel a legal obligation to make a refund." (internal citation to *Midstate Horticultural Co.* omitted)); S. Rep. No. 93-796, at 2 (1974) ("The present one year statute of limitations can work further hardship in cases where the carrier is ready and willing to refund overcharges for services rendered more than one year prior to the discovery thereof, since the statute would appear not only to bar the remedy but also to destroy the liability"); *see also Hearing on S. 1227, S. 1479 and S. 2457 Before the H. Subcomm. on Communication of the Comm. of Commerce*, 93rd Cong. 10-11 (1974) (statement of Richard E. Wiley, Chairman, FCC) ("The statute not only bars the remedy but also destroys the liability" (citing *Midstate Horticultural Co.*)).

   4. AT&T alleged in a counterclaim that O1 has engaged in "spoofing," the practice of fraudulently making phone calls for the purpose of generating access charges. *See* Dkt. No. 50, Answer and Counterclaims at 20. To support its claim, AT&T has asserted that the "calling records show highly suspicious patterns." Dkt. No. 87, AT&T Mot. and Opp'n at 24. First, AT&T notes that for some calls originating from O1, the calling records have calling party numbers that have been manipulated. But AT&T admits that these calls were coming from a legitimate O1 customer. *Id.* at 23-24. AT&T also points to the fact that some calls "appear to come from telephone numbers that have not been assigned." *Id.* at 24. But without a more specific and coherent explanation from AT&T about why this should result in a trial, the Court must grant summary judgment to O1 on this issue. Suspicion of wrongdoing is enough to file a complaint (or, in this case, a counterclaim), but it is not enough to raise a triable issue on whether O1 was engaged in spoofing. *Cf. Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988) ("The district judge is not required to comb the record to find some reason to deny a motion for summary judgment. ").

   A case management conference is scheduled for May 22, 2018. The parties must file a

case management statement by May 15, 2018.

**IT IS SO ORDERED.**

Dated: March 27, 2018

VINCE CHHABRIA
United States District Judge